JIMÉNEZ *v.* OLMEDO.

APPEAL from the District Court of San Juan.

No. 151.—Decided December 13, 1907.

APPEAL—TRANSCRIPT OF RECORD—COPY OF JUDGMENT.—Where an appellant fails to include in the transcript of the record a copy of the judgment appealed from, and only includes therein a copy of the decision of the inferior court, the appeal must be dismissed.

The facts are stated in the opinion.

*Mr. Torres Monge* for the appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On December 30, 1905, Heraclio Jiménez Matos filed a complaint in the District Court of San Juan against José Olmedo, Gonzalo Torres, Daniel Sosa, acting marshal, and Eugenio Malpica, praying for the annulment of the attachment and sale of a rural estate belonging to him, described in said complaint, which attachment and sale had taken place in proceedings prosecuted in the Municipal Court of Río Grande to which the plaintiff was not a party; that the entries and records made in the registry of property as a consequence of the said sale be ordered canceled, and, furthermore, that the defendants be jointly and severally adjudged to pay to Jiménez Matos the sum of $500 as damages, or such sum as the court might deem proper, with the costs.

After the trial was concluded, the court prepared a written opinion, and in accordance therewith rendered the following judgment:

"This cause having been called for trial in its order on the calendar and the plaintiff, Heraclio Jiménez Matos, and the defendant, Engenio Malpica, having appeared through their counsel and announced their readiness to proceed, the other defendants not having appeared, for which reason their default was entered, the evidence presented was admitted and heard, counsel made their arguments and the case remained pending decision. And the court, taking into consideration the allegations, the evidence and the arguments, holds, in accordance with the foregoing opinion, that the facts and the law are against the plaintiff, Heraclio Jiménez Matos, and in favor of all the defendants, who are entitled to judgment, and dismisses the complaint with the costs against the plaintiff, against whose property execution shall issue for the satisfaction of such costs. And it is ordered that the secretary enter judgment in accordance with this decision. San Juan, Porto Rico, April 24, 1907. Pedro de Aldrey, Judge of the First Section. Attest: A. Marin Marien, Deputy Clerk."

The record contains a copy of the notice of appeal from the judgment of the court below to this Supreme Court, filed by counsel for the plaintiff on May 5, 1907.

We believe that this appeal should be dismissed without entering upon a discussion of its merits, because the record does not contain a copy of the judgment or decision which the secretary of the lower court should have entered in the book provided for the purpose, thus complying with the order of the judge contained in his decision of April 24, 1907, transcribed above. And it is to be assumed that this was done within 24 hours after said decision was rendered, in accordance with the provisions of section 227 of the Code of Civil Procedure; but as section 299 requires that in the case of an appeal from a final judgment the appellant shall present to the appellate court, among other documents, a copy of the judgment roll, of which roll a copy of the judgment forms a part according to section 233, the provisions applicable are those contained in section 303 to the effect that an appeal shall be dismissed when the documents required are not presented.

We regret that on account of a failure to comply with the rules of procedure we should be compelled frequently to dismiss appeals, as in this case, without discussing them or deciding them upon their merits or the legal issue involved; but such failure has its sanction in section 303 of the Code of Civil Procedure above cited, and it is our duty to apply it.

For the reasons stated the appeal should be dismissed, with the costs thereof also against the appellant.

*Dismissed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.